UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAN J. LANDRY, :
        Plaintiff :
         :
    v. : No. 1:24-cv-00437-MSM-PAS
         :
Lt. RICHARDSON, et al :
        Defendants :
         :

ORDER

    The Plaintiff has filed an Amended Complaint (ECF No. 5) in response to the Court's conditional dismissal of his original Complaint (ECF No. 1) which failed the mandatory plausible claim screening review required by the Plaintiff's filing of a Motion to Proceed In Forma Pauperis. 28 U.S.C. § 1915(e)(2)(B)(ii). An Amended Complaint is subject to the same screening to determine whether it states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court has carefully reviewed the Amended Complaint and determined that it does not.

    Mr. Landry's original Complaint failed because, instead of setting forth individual claims of violation of a federal or statutory right, necessary to invoke the Court's federal question jurisdiction, 28 U.S.C. § 1332, he simply set forth a chronology of multiple years of arrests and other contacts with law enforcement and invited the Court to infer causes of action. The Amended Complaint fails for a

different reason. In it, Mr. Landry has cured the earlier defect, in that he specifically claims violations of his right to be free from illegal searches and seizures, his right to not be illegally detained, and his right of free expression. But what he has stated is little more than legal conclusions, devoid of any facts which would enable the Court to determine whether he could be entitled to relief. The Court's job at screening is to take the facts alleged by the Plaintiff as true and determine whether, if those facts could be proven, the Plaintiff would be entitled to relief. Here, because the Plaintiff has included no facts, that assessment cannot be made.

For example, Mr. Landry's first claim is that "on August 10th 2019 plaintiff's right to post bail was denied by the ACI." (ECF No. 5, at 1). Even if this claim had no obvious statute of limitations obstacle,[1] it does not state a plausible claim because the Court has no facts from which it could even infer that the Plaintiff's right to bail was violated. Who denied him the "right to post bail?" Was bail set by the state court. Did the ACI refuse bail that the Plaintiff tried to post? Did someone at the ACI violate a specific order setting bail or did the state court not set bail?

His second claim is that "on October 14th Plaintiffs right to not be subjected to illegal search and seizure was violated." But the Plaintiff does not provide any facts. Who violated this right? Was the Plaintiff searched or seized? What were the circumstances from which the Court could infer a lack of probable cause or some other constitutional violation? The remaining seven claims are as skeletal and devoid of

---

[1] The statute of limitations for actions brought pursuant to 28 U.S.C. § 1983 is borrowed from Rhode Island's tort law and is three years. *Walden III, Inc. v. State of Rhode Island,* 442 F. Supp. 1168, 1172 (D.R.I. 1977), *aff'd* 576 F.2d 945 (1978).

factual support.  One of them, a charge of malpractice against an attorney, is a state law claim.

A *pro se* litigant is entitled to more leeway than a litigant who is represented, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and this Court is very willing to make some allowances for the Plaintiff's unrepresented status.  Law is indeed difficult to navigate.  But the problems with this Complaint are basic and too much is missing for the Court to fill in, even stretching to accommodate a *pro se* Plaintiff.  Fed. R. Civ. Proc. 15(a)(1) gives a Plaintiff the right to amend once before the Complaint is responded to, but the ability to amend after that is discretionary with the Court.  That entitlement to amend has been used.  At this juncture, the case is DISMISSED and the Motion to Proceed In Forma Paupers (ECF No. 2) is DENIED as moot.  The Plaintiff's request for a temporary injunction (ECF No. 3) is also DENIED.  If the Plaintiff chooses to try amending once more, he is required to file a Motion to Reopen the Case, and a Motion for Leave to Amend, together with his proposed Second Amended Complaint.

IT IS SO ORDERED.

_____
Mary S. McElroy,
United States District Judge
December 3, 2024